UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MSCI 2007-IQ16 RETAIL 9654, LLC,

    Plaintiff,

vs.

GARY J. DRAGUL

    Defendant.

Case No. 1:14-cv-287

Judge Timothy S. Black

# ORDER GRANTING
# PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND (Doc. 10)

This civil action is before the court on Plaintiff's motion to strike Defendant's jury demand (Doc. 10) and the parties' responsive memoranda (Docs. 15, 17).

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

This is a dispute regarding a defaulted loan. The Royal Bank of Canada ("RBC") loaned Defendant Gary J. Dragul $12,900,000.00 for multiple pieces of property, collectively known as Prospect Square. (Doc. 5 at ¶¶ 4, 5). The loan was secured by a Promissory Note ("Note"). (*Id.* at ¶ 4). To secure the obligations under the Note, Prospect Square executed and delivered a Mortgage Agreement to RBC. (*Id.* at ¶ 8). Defendant also executed a Limited Guaranty ("Guarantee") to induce RBC to make the loan. (*Id.* at ¶ 13). The Guarantee provided that, among other things, Defendant agreed to waive his right to trial by jury in any action or proceeding in connection with the Guarantee. (*Id.,* Ex. A at 4). Ultimately, the Note was assigned to Plaintiff MSCI 2007-IQ16 RETAIL 9654, LLC. (*Id.* at ¶ 5).

Defendant defaulted on the terms of the Note by failing to make timely payments and by failing to pay real estate taxes. (Doc. 5 at ¶ 6). Accordingly, Plaintiff accelerated the maturity of the Note and demanded payment in full of all outstanding amounts. (*Id.*) Defendant has not made any payments to date. Accordingly, Plaintiff brought this action, seeking reimbursement for the real estate taxes, the principal sum, interest fees, and late fees, totaling $18,768,462.69, as well as interest that has accrued since January 30, 2014. (*Id.* at ¶ 7). In its answer, Defendant demanded a jury trial. (Doc. 9 at ¶ 6). Plaintiff moves to strike the jury demand based on a jury waiver in the Guarantee. (Doc. 10).

## II. STANDARD OF REVIEW

The right to trial by jury is protected by the Seventh Amendment of the United States Constitution. However, "[i]t is clear that the parties to a contract may by prior written agreement waive the right to trial by jury." *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985).

When a contract contains an express jury waiver provision, the party objecting to that provision has the burden of proving that its consent to the waiver was not knowing and voluntary. *Id*. at 758. The waiver may only be stricken if the party's consent was induced by fraudulent misrepresentation. *Id.* Indeed, an express contractual jury waiver requires a finding that the jury waiver itself was procured through fraud. *Id*. at 757. In such circumstances, if the waiver was in fact predicated upon a misrepresentation, the jury waiver is not considered "knowing and voluntary" and is unenforceable. *Id.*

### III. ANALYSIS

Defendant alleges that the jury waiver provision in the Guarantee was fraudulently induced. (Doc. 15 at 3). Defendant submitted affidavit testimony alleging that RBC misrepresented its "fund and hold" commitment and its representation that it would not transfer, assign, or sell the lending obligation. (*Id*.) Defendant maintains that he relied upon RBC's misrepresentations, and, but for the misrepresentations, he would not have agreed to waive his right to a jury trial. (*Id.*)

Courts routinely uphold jury waiver provisions where there is no claim that fraud procured the jury waiver itself. Unless the jury waiver provision was a point of contention and negotiation which induced the other party's consent, the jury waiver provision is valid. *Baumgardner v. Bimbo Food Bakeries Distrib., Inc*., 697 F. Supp. 2d 801, 819 (N.D. Ohio 2010) ("where 'tort claims arise out of and relate to the contract and the negotiations which led to the contract, it is altogether appropriate to apply the contractual jury waiver clause'").

For example, in *Chesterfield Exch., LLC v. Sportsman's Warehouse, Inc*., 528 F. Supp. 2d 710, 711 (E.D. Mich. 2007), Chesterfield, the owner of a new retail plaza, solicited an agreement from Sportsman's to lease retail space at the plaza, representing that an existing Wal-Mart would expand to a Super Wal-Mart and that a Sam's Club would also occupy space at the plaza. *Id*. Later, Chesterfield informed Sportsman's that a Sam's Club would not be built and the Wal-Mart store would not expand. *Id.* Sportsman's alleged that Chesterfield knew both of these facts before it executed the lease. *Id*. Sportsman's then notified Chesterfield of its intention not to perform under the

3

lease, and Chesterfield sued. *Id.* at 712.  Sportsman's counterclaimed, alleging fraud and demanding a jury trial. *Id.*  Chesterfield moved to strike the jury demand pursuant to the waiver provision. *Id.*  The court held that "[a]lthough such a waiver may be attacked on the ground of fraud, the fraud allegation must be well-founded and state that the inclusion of that *particular* clause in the contract was the product of fraud or coercion." *Id.* (emphasis in original).[1]

Here, similarly, Defendant fails to argue that it relied on fraudulent allegations pertaining to the jury waiver provision.  Even assuming that RBC "misrepresented its 'fund and hold commitment' and that it would not transfer, assign, or sell the lending obligation" (Doc. 15, at 3), such statements are irrelevant to the validity or negotiation of the jury waiver.  Therefore, Defendant's allegations of fraudulent inducement relating to the contract as a whole are insufficient to invalidate the jury waiver.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion to strike Defendant's jury demand (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  7/8/14                               */s/ Timothy S. Black*
                                            Timothy S. Black
                                            United States District Judge

---

[1] *See also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.2d 171, 188 (2d Cir. 2007) ("We join the Tenth Circuit [*Telum*] in holding that unless a party alleges that its agreement to waive its right to a jury trial was itself induced by fraud, the party's contractual waiver is enforceable vis-a-vis an allegation of fraudulent inducement relating to the contract as a whole.").

4